Case 4:24-cv-03868   Document 1-1   Filed on 10/10/24 in TXSD   Page 1 of 11

9/20/2024 11:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 92267905
By: Wanda Chambers
Filed: 9/20/2024 11:53 AM

CAUSE NO. _____

| | | |
|---|---|---|
| Christian Eddings, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| Union Pacific Railroad Company, | § § § | |
| *Defendant.* | § | \_\_\_\_TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Christian Eddings (hereinafter "Plaintiff"), complaining of defendant Union Pacific Railroad Company ("Union Pacific"), and would respectfully show that:

### I.
### Discovery Control Plan

1. Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### Jurisdiction and Venue

2. The claims asserted arise under the statutory and common law of Texas.

3. The claims asserted arise under the common and statutory laws of Texas. This Court has jurisdiction and venue is proper because a substantial part of the events or omissions underlying Plaintiff's claims occurred in Harris County. TEX. CIV. PRAC. & REM. CODE §15.002. Further, this action is not removable under the forum defendant rule. *See* 28 U.S.C. § 1441; *see also In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

4. To be clear, Plaintiff is not pleading any claims preempted under the holdings

1

set forth in *Norfolk v. Shanklin*, *CSX Transp. v. Easterwood*, or its progeny.

5. Venue is proper in this Court pursuant to TEX. CIV. PRAC. REM. CODE §§15.002, 15.005. Specifically, a substantial part of the events and occurrences made the basis of this lawsuit took place and emanated from this County.

## III.
## Statement Regarding Monetary Relief Sought

6. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $1,000,000.00. Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount of damages she is seeking at this time and reserves her right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.
## Parties

7. Plaintiff is a resident of Texas.

8. Defendant Union Pacific Railroad Company is a Delaware for-profit entity doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Union Pacific Railroad Company may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. To the extent that an above-named defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Texas Rule of Civil Procedure 28, and Plaintiff demands that, upon answering this suit, the defendant answer in its correct legal name and assumed name.

Ex. A to Notice of Removal

# V.
## Facts

10.     On or about October 10, 2022, Plaintiff was severely injured when he was struck by a Union Pacific train. Union Pacific's engineer and conductor failed to stop the train before striking Plaintiff's vehicle while the locomotive was moving in reverse. Union Pacific's engineer and conductor could have stopped the train before striking Plaintiff when they discovered Plaintiff but did not. Plaintiff could have stopped his vehicle to avoid the collision if the lights on the locomotive were turned on or the train's horn was sounded as is required by federal law, but neither was in operation.

11.     Plaintiff was traveling in his vehicle down the alley that led to the railroad tracks on Port Houston Road. It was dark at or around 7:30 p.m., and there were no streetlights on at or around the tracks when Plaintiff reached the railroad crossing. Plaintiff observed the train pass completely so he started crossing the tracks. Without sounding the horn or having any lights on, in the front or the rear, the train backed into Plaintiff's vehicle as he was crossing the tracks. Plaintiff noticed the train only when Plaintiff's headlights hit a worker's reflective vest as the worker was jumping off the back of the train. However, it was too late for Plaintiff to avoid the train due to the close proximity to the train. Moreover, though Union Pacific's engineer and conductor observed Plaintiff's vehicle's headlights, they still did not stop the train, and the train collided into Plaintiff's vehicle.

12.     As a result of this collision, Plaintiff sustained severe and lasting injuries to his neck and other parts of his body.

Ex. A to Notice of Removal

## VI.
## <u>Causes of Action</u>

*A.   Negligence and Gross Negligence*

13.   Plaintiff repeats and re-alleges each allegation contained above.

14.   The collision described in this petition would not have occurred but for Defendant's negligence and gross negligence.

15.   Plaintiff sustained injuries because of Defendant Union Pacific's negligence and gross negligence when Union Pacific:

    a.   Failed to properly supervise its employees and/or agents;

    b.   Failed to properly train its employees and/or agents;

    c.   Failed to provide the necessary and proper safety procedure;

    d.   Failed to take action to prevent the incident in question;

    e.   Failed to follow recognized industry standards. Specifically, industry standards for train operation are set forth in Union Pacific's manuals and the GCOR. GCOR 1.1.1 is titled Maintaining a Safe Course. This requires Union Pacific train operators to "take the safe course" "In case of doubt or uncertainty." Union Pacific's train operators failed to take the safe course in this case when there was doubt and uncertainty about whether Mr. Eddings was crossing the tracks and whether Mr. Eddings was going to slow down;

    f.   Failed to follow applicable statutes and laws including but not limited to 49 C.F.R. § 229.125 and 49 C.F.R. § 222 Subpart B;

    g.   Failed to operate the train in a safe and prudent manner;

    h.   Failed to adequately use lighting on the train to identify Plaintiff in time to stop;

    i.   Failed to engage the train's horn, have a headlamp, and/or apply the train's emergency brakes in a proper manner to avoid the collision;

    j.   Failed to stop the train before striking Plaintiff;

    k.   Failed to keep a proper lookout;

4

Ex. A to Notice of Removal

  l. Failed to ensure that the railroad crossing warnings were working properly;

  m. Committed other acts deemed negligent and grossly negligent, including, but not limited to, failing to engage the emergency stop even after it was recognized that Mr. Eddings was on the tracks while the train was moving in reverse.

16. Plaintiff is entitled to punitive damages because Defendant's actions were grossly negligent and/or intentional. Defendant acted with conscious and malicious disregard for Plaintiff's and the public's health and safety. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk, and consciously disregarded such risks. Defendant's conductor and

### B. *Negligence Per Se*

17. Plaintiff repeats and re-alleges each allegation contained above.

### a. Breach of 49 CFR § 229.125 (Headlights and Auxiliary Lights).

18. Union Pacific's conduct described herein constitutes an unexcused breach of duties imposed by 49 CFR § 229.125 (Headlights and Auxiliary Lights) which states in relevant part: "Each lead locomotive used in road service shall illuminate its headlight while the locomotive is in use. . . . If a locomotive or locomotive consist in road service is regularly required to run backward for any portion of its trip other than to pick up a detached portion of its train or to make terminal movements, it shall also have on its rear a headlight that meets the intensity requirements above."

19. Specifically, Union Pacific did not at all turn on the headlight on the rear of its locomotive at the time of the impact.

20. If Union Pacific had headlights on the locomotive in question, Plaintiff would

have been able to discover the train in the dark and avoid the collision.

21. Plaintiff Christian Eddings is a member of the class that 49 CFR § 229.125 was designed to protect.

**b.   Breach of 49 CFR § 222 Subpart B (Use of Locomotive Horns).**

22. Union Pacific's conduct described herein also constitutes an unexcused breach of 49 CFR Part 222 Subpart B (Use of Locomotive Horns), which states in part, "the locomotive horn on the lead locomotive of a train, lite locomotive consist, individual locomotive or lead cab car shall be sounded when such locomotive or lead cab car is approaching a public highway-rail grade crossing," 49 CFR § 222.21, and "a locomotive engineer may sound the locomotive horn to provide a warning to animals, vehicle operators, pedestrians, trespassers or crews on other trains in an emergency situation if, in the locomotive engineer's sole judgment, such action is appropriate in order to prevent imminent injury, death, or property damage." 49 CFR § 222.23. Specifically, the Union Pacific train did not sound the horn at all when it was moving in reverse toward Plaintiff's vehicle at the time of the incident.

23. Alternatively, it is in breach of 49 CFR 222.33(b), which states, "[a] railroad operating over an individual public highway-rail crossing *may*, at its discretion, cease the sounding of the locomotive horn *if* the locomotive speed is 15 miles per hour or less *and* train crew members, or appropriately equipped flaggers, as defined in 49 CFR 234.5, flag the crossing to provide warning of approaching trains to motorists." Emphasis added. Specifically, Union Pacific employees did not sound the horns or flag the crossing to provide warning of approaching train to motorists on the date of the incident.

**C.   *Respondeat Superior.***

24. Plaintiff repeats and re-alleges each allegation contained above.

6

25. Defendant is liable for the torts committed by its employees, servants, or agents during the course and scope of employment under the doctrine of *respondeat superior*. Specifically, Defendant's employees, servants, or agents, acting within the course and scope of their employment, and in furtherance of Defendant's business, had a general duty to exercise reasonable care in performing their work. Should negligent or grossly negligent acts and/or omissions on the part of Defendant's employee(s), servant(s), or agent(s) be determined to be a proximate cause of Plaintiff's injuries, Defendant is liable for those negligent or grossly negligent acts and omissions under the doctrine of *respondeat superior*.

## VII.
## Damages

26. As a direct and proximate result of the negligence, gross negligence, and negligence per se of Defendant, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendant's negligence and gross negligence. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with their injuries.

27. Plaintiff is also entitled to exemplary damages. Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant's conduct demonstrates not only an attitude of conscious indifference to the rights,

Ex. A to Notice of Removal

safety, and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of their conduct. Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Defendant is therefore liable for exemplary damages.

## VIII.
## Notice Regarding the Self-Authentication of Documents

28. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is on actual notice that production of any document by any Defendant is deemed authentic for use against Defendant that produced the document in any pretrial proceeding or at trial.

## IX.
## Rule 193.7 Notice

29. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## X.
## Discovery to Defendant

30. Plaintiff notifies Defendant that Initial Disclosures are due no later than thirty (30) days after its original answer to this petition is due. Defendant may request that Plaintiff provide Plaintiff's First Set of Discovery Requests in advance of this deadline by emailing the undersigned counsel.

## XI.
## Preservation of Evidence

31. Plaintiff hereby requests and demands that Defendant preserve and maintain all

evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes, audiotapes; recordings; business records; medical records; billing records; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; emails; voice mail; text messages; investigations; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the references incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XII.
## Conditions Precedent

32. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XIII.
## Jury Demand

33. Plaintiff hereby demands a trial by jury.

## XIV.
## Prayer

Plaintiff prays for relief and judgment in a monetary amount over $1,000,000.00 for the following damages that resulted from this incident as follows:

- Actual damages;
- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;

Ex. A to Notice of Removal

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages;

- Costs of Court;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ M. Paul Skrabanek*
M. Paul Skrabanek
Texas Bar No. 24063005
24 Greenway Plaza, Suite 500
Houston, TX 77046
Telephone: 832-690-7000
Facsimile: 832-616-5576
E-mail: paul@pstriallaw.com
service@psbfirm.com

**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kerin Quiroz on behalf of M. Skrabanek
Bar No. 24063005
kerin@pstriallaw.com
Envelope ID: 92267905
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 9/20/2024 12:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Office E-Service | | service@psbfirm.com | 9/20/2024 11:53:21 AM | SENT |