**Jennifer W. Vedra, CO #43657,** *pro hac vice*
**Kerry Roebke, CO #60869,** *pro hac vice*
**Chad M. Knight, CO #42145,** *pro hac vice*
**Knight Nicastro MacKay, LLC**
**518 17th Street Suite 1005**
**Denver, Colorado 80202**

**Daniel J. Gibson, Texas Bar No. 24118124**
**24125 Old Aldine Westfield Road**
**Spring, Texas 77373**
**Telephone: (281) 350-7259**
**djgibson@up.com**
**ATTORNEY FOR DEFENDANT**
**UNION PACIFIC RAILWAY COMPANY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **CHRISTIAN EDDINGS** <br><br> Plaintiff, <br><br> vs. <br><br> **UNION PACIFIC RAILWAY COMPANY** <br><br> Defendant. | Cause No.: 4:24-cv-03868 |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S RESPONSE TO PLAINTIFF JOHN ISOM, DBA ISOM J. INC'S MOTION IN INTERVENTION**

Defendant Union Pacific Railroad Company ("Union Pacific" or "UP"), through undersigned counsel, submits its Response to Plaintiff-Intervenor John Isom, d/b/a Isom J. Inc.'s Motion in Intervention. The Court should deny the Motion to Intervene because Plaintiff-Intervenor lacks standing to pursue its claims, the statute of limitations has expired, and it is untimely under Fed. R. Civ. P. 24(b.

## I. INTRODUCTION

This case arises from an incident on October 10, 2022, in Houston, Texas between Plaintiff Eddings and a Union Pacific train. Eddings claims UP collided with the semi-truck he was driving as he attempted to traverse a railroad crossing. Eddings made claims against UP for negligence causing personal injury. Plaintiff-intervenor now seeks to intervene and alleges it owned the vehicle driven by Eddings at the time. **[ECF 17, Mot. in Intervention]**. Plaintiff Eddings originally filed suit in Texas State Court, Harris County, on September 20, 2024, and Union Pacific removed to federal court on October 10, 2024.

After the incident, the semi-truck was repossessed and sold to a dealership, who then sold it to a third party. Now, more than two years after the incident and expiration of the statute of limitations, and after losing legal interest in the truck, Plaintiff-Intervenor seeks to join the suit to assert a property damage claim through intervention as a matter of right under Fed. R. Civ. P. 24(a) and alternatively, through permissive intervention under 24(b).

The Court should deny the Motion on multiple grounds: (1) Plaintiff-Intervenor lacks standing because it has no current legal interest in the subject property; (2) the claims are barred by the applicable two-year statute of limitations under Texas Civil Practice and Remedies Code § 16.003(a); and (3) the motion is untimely under Fed. R. Civ. P. 24(b).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right and permissive intervention. Plaintiff-Intervenor seeks to intervene as a matter of right, and alternatively, through permissive intervention. **[ECF 17, Mot. to Intervene, pp. 1-2].** Under Rule 24(a), intervention as a matter of right must be permitted, on a timely motion, when the movant claims an interest relating to the property or transaction that is the subject of the action, and is so

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under Rule 24(b), permissive intervention may be granted when: (1) the motion is timely, (2) the intervenor's claim or defense shares a common question of law or fact with the main action, and (3) the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b); *see also League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989); *see also, Chambers Med. Found. v. Petrie*, 221 F. App'x 349, 350 (5th Cir. 2007) (permissive intervention is proper where there is a "question of law or fact in common" (quoting *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 821–22 (5th Cir. 2003)).

Standing is a threshold jurisdictional requirement for any party seeking to invoke the power of a federal court, including when seeking intervention. Under Article III of the U.S. Constitution, a litigant must demonstrate a legally cognizable injury that is concrete, particularized, and actual or imminent. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (internal quotations and citations omitted) (litigant seeking to intervene must show "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.").

The Fifth Circuit has made clear, "[a]n intervenor must have standing to intervene." *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). If a movant lacks standing, the inquiry ends; the court has no jurisdiction to consider whether Rule 24's requirements are met. *See Estate of Baker v. Castro*, No. H-15-3495, 2020 U.S. Dist. LEXIS 80521, at *3–4 (S.D. Tex. May 6, 2020) ("After establishing standing, the intervenor must show that it is entitled to intervene under Rule 24."). Once a party demonstrates standing, it must separately establish that it qualifies for

intervention under either Rule 24(a) (intervention of right) or Rule 24(b) (permissive intervention). *Id.*

However, even when an intervenor has standing and can demonstrate it meets criteria for intervention, the intervention must still comply with applicable rules, including the statute of limitations. In diversity cases, federal courts must apply state substantive law. *Escobar v. Duke Realty Corp.*, No. H-20-4124, 2021 U.S. Dist. LEXIS 68150, at *3 (S.D. Tex. 2021) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). The statute of limitations is substantive, thus Texas state law governs. Texas Civil Practice and Remedies Code § 16.003(a) imposes a two-year limitations period for claims involving personal injury, trespass, and conversion. It states:

> A person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, [or] personal injury . . . not later than two years after the day the cause of action accrues.

Tex. Civ. Prac. & Rem. Code § 16.003(a).

Limitations begin to run when a wrongful act causes legal injury—when "facts come into existence that authorize a claimant to seek a judicial remedy." *Am. Star Energy & Mins. Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015); *see also, Bell v. Philadelphia Int'l Records*, 981 F. Supp. 2d 621, 625 (S.D. Tex. 2013); *DHI Grp., Inc. v. Kent*, 397 F. Supp. 3d 904, 928 (S.D. Tex. 2019). The statute may be tolled by the discovery rule only in limited cases where the injury is both inherently undiscoverable and objectively verifiable. *Williams v. Metro. Life Ins. Co.*, 633 F. Supp. 3d 902, 907–08 (S.D. Tex. 2022).

Even if the other requirements are met, "[w]hen exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original

parties' rights." Fed. R. Civ. P. 24(b)(3); *Christian Life Ctr., Inc. v. Colony Ins. Co.*, No. 4:09-cv-3776, 2011 U.S. Dist. LEXIS 117448, at *8 (S.D. Tex. Oct. 11, 2011).

### III.    LEGAL ARGUMENT

#### A.    Plaintiff-Intervenor Lacks Standing To Bring Its Claim

As explained above, standing is a threshold requirement to bring a claim, including through intervention. Pursuing a claim requires a current, legally protectable interest in the subject matter of the litigation that is concrete, particularized, and ongoing. *See Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136, 119 L. Ed. 2d 351; *Estate of Baker*, No. H-15-3495, 2020 U.S. Dist. LEXIS 80521, at *3-4, *supra*. Rule 24(a) requires the movant to have an interest relating to the property or transaction that is the subject of the action, be situated such that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. Intervenor-Plaintiff here has neither.

Although Plaintiff-Intervenor asserted in its Motion an unconditional right to intervene to protect its property rights, the claimed interest is neither current nor enforceable. The semi-truck at issue was repossessed and subsequently sold twice before the underlying lawsuit was filed. **[Def. Ex. A., Dec. 2024 email Correspondence re: evidence preservation and truck repossession in 2023]**. At the time of the Motion to Intervene, indeed, by the time Plaintiff Eddings filed suit, Plaintiff-Intervenor had no possessory rights or other legal interest in the truck. Because the claimed injury is based on a right that no longer exists, any harm alleged is speculative or derivative, not actual or imminent. This fails the core constitutional requirement for standing under *Lujan*. 504 U.S. at 560.

Moreover, because the original parties' controversy does not involve Plaintiff-Intervenor's interests – Plaintiff-Intervenor had no interest in the property at any point during the pendency of the suit – there is no live issue for the Court to adjudicate on the intervenor's behalf. This is precisely the situation the Fifth Circuit contemplated in *Newby*, where it held that intervention must be denied in a closed or resolved action absent a live controversy and a concrete interest in the outcome. *Newby*, 443 F.3d at 422.

Plaintiff-Intervenor's prior ownership, which ended more than a year before suit was filed by anyone, is legally insufficient to create standing now. Intervention is reserved for those who will be directly affected by the outcome of the litigation, and Plaintiff-Intervenor will not be because it hasn't owned the property since September 2023. Because Plaintiff-Intervenor cannot meet standing requirements, its Motion to Intervene must be denied.

**B.     The Applicable Statute of Limitations Bars Plaintiff-Intervenor's Claim**

Aside from lacking standing, the claim asserted now is time-barred under the applicable two-year statute of limitations.

Under Texas law, a person must bring suit for personal injury, trespass to property, conversion, or detention of personal property within two years of the date the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a). A cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury. *See American Star Energy & Mins. Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015); *Bell v. Philadelphia Int'l Records*, 981 F. Supp. 2d 621, 625 (S.D. Tex. 2013).

The incident in this case, and upon which Plaintiff-Intervenor bases his property damage claim, occurred on October 10, 2022. **[ECF 17, Mot. in Intervention, p. 1]**. Plaintiff-Intervenor filed its Motion on April 10, 2025, more than two years after his cause of action accrued, and his

claim is therefore barred. *DHI Grp., Inc. v. Kent*, 397 F. Supp. 3d 904, 928 (S.D. Tex. 2019); *Williams v. Metro. Life Ins. Co.*, 633 F. Supp. 3d 902, 907–08 (S.D. Tex. 2022) (intervention based on a time-barred claim is legally improper). No tolling argument or discovery rule exception has been presented or applies, and the alleged injury was immediate, open, and discoverable on the date of the incident. *See Bell v. Philadelphia Intern. Records*, 981 F. Supp. 2d 621, 625 (S.D. Tex. 2013).

Because Plaintiff-Intervenor's claims are based on an injury that occurred more than two years before filing its motion to intervene, they are time-barred under Texas Civil Practice and Remedies Code § 16.003(a). Accordingly, and on that basis alone, the Motion to Intervene must be denied as a matter of law.

### C. Plaintiff-Intervenor's Claim Is Untimely Under Rule 24

In addition to lacking standing and being barred by the applicable statute of limitations, the Motion to Intervene is untimely under Fed. R. Civ. P. 24. Timeliness is a threshold requirement for intervention under both Rule 24(a) and (b). Courts in the Fifth Circuit evaluate timeliness based on several factors, including: (1) the length of time the intervenor knew or should have known of their interest before moving to intervene; (2) the extent of prejudice to existing parties; (3) the extent of prejudice to the intervenor if intervention is denied, and (4) the existence of unusual circumstances. See *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989); *Christian Life Ctr., Inc. v. Colony Ins. Co.*, No. 4:09-cv-3776, 2011 U.S. Dist. LEXIS 117448, at *8 (S.D. Tex. Oct. 11, 2011).

Union Pacific removed this case to federal court on October 10, 2024. **[ECF 1, Def. Not. of Removal, 10/10/24]**. Plaintiff-Intervenor received actual notice of the underlying litigation and its removal to federal court on November 8, 2024, after a discussion with defense counsel via phone

and email. **[Def. Ex. B, 11/8/24 Email to Ptf. -Intervenor Cnsl].** Despite defense counsel's direct notification, Plaintiff-Intervenor did not file a motion to intervene until April 10, 2025, over five months later. The Motion to Intervene *may* have passed muster for timeliness had it been filed in the action shortly after notice of removal in November 2024, but no longer. More importantly, there is no fathomable reason for the delay in filing the Motion to Intervene, and Plaintiff-Intervenor did not provide one.[1]

Moreover, the parties have exchanged disclosures and written discovery, and depositions are scheduled. Allowing intervention at this stage would unduly and unnecessarily delay discovery, expand the scope of litigation, and prejudice the rights of the original parties. Federal Rule of Civil Procedure 24(b)(3) expressly directs courts to consider whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." This requested intervention fails that test.

Because Plaintiff-Intervenor delayed in filing its Motion without justification, the motion to intervene under Fed. R. Civ. P. 24(b) is untimely and should be denied.

## IV.   CONCLUSION

The Motion to Intervene should be denied for three reasons. First, Plaintiff-Intervenor lacks standing because the claimed property interest was extinguished prior to both the filing of the underlying lawsuit *and* the untimely Motion to Intervene. It has no current, legally protectable interest in the property or subject matter of the litigation, and as a result, has no injury-in-fact sufficient to confer standing under Article III of the U.S. Constitution or Fed. R. Civ. P. 24. Second, it is barred by the applicable statute of limitations. Finally, it is untimely under Rule 24 because Plaintiff-Intervenor was advised of the procedural status of the case in 2024, invited to intervene

---

[1] There is also no reason provided as to why Plaintiff-Intervenor did not file suit timely for property damage to protect its interests regardless of Plaintiff Eddings' suit, or before repossession in September 2023.

at that time, and did not file its motion until over five months later.

WHEREFORE, Union Pacific respectfully requests the Court deny Plaintiff-Intervenor's Motion to Intervene.

DATED this 22nd day of April 2025.

        KNIGHT NICASTRO MACKAY, LLC

        */s/ Jennifer Vedra*_____
        Jennifer W. Vedra, CO #43657, *pro hac vice*
        Kerry Roebke, CO #60869, *pro hac vice*
        Chad M. Knight, CO #42145, *pro hac vice*
        Knight Nicastro MacKay, LLC
        518 17th Street Suite 1005
        Denver, Colorado 80202
        Telephone: (303) 815-5869
        Facsimile: (816) 396-6233
        E-mail: vedra@knightnicastro.com
        knight@knightnicastro.com
        roebke@knightnicastro.com

        and

        Daniel J. Gibson
        State Bar No. 24118124
        Djgibson@up.com
        Union Pacific Railroad Company
        24125 Old Aldine Westfield Road
        Spring, Texas 77373
        Telephone: (281) 350-7259
        Email: djgibson@up.com

        *Attorneys for Defendant Union Pacific Railroad Company*

## **CERTIFCATE OF SERVICE**

  I hereby certify that on the 22nd day of April 2025, a true and correct copy of the above and foregoing document was filed with the court's electronic filing system and/or served by e-service to the following:


M. Paul Skrabanek
State Bar No. 24063005
paul@pstriallaw.com
Pierce Skrabanek, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email: service@psbfirm.com

*Attorney for Plaintiff, Christian Eddings*